**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NOLAN S. JONES AND AMY E. JONES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0634 |
| | § | |
| STATE FARM LLOYDS, CURTIS HOLLAND, MARSHALL JONES, AND VERONICA SILVA | § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on Plaintiffs Nolan and Amy Jones's Motion to Remand [Doc. # 8]. Defendant State Farm Lloyds ("State Farm") has filed a Response [Doc. # 12]. Having reviewed Plaintiffs' Original Petition [ Exh. B to Doc # 1], Defendant's Notice of Removal [Doc. # 1], Defendants' Motion to Dismiss [Doc. # 2], Plaintiffs' Response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss [Doc. # 9], and all matters of record, the Court concludes that it lacks subject matter jurisdiction and this case must be **remanded** to state court.

**I.   BACKGROUND FACTS**

State Farm issued a Texas Homeowners' Insurance Policy on property owned by Plaintiffs located in La Porte, Texas. Plaintiffs submitted a claim against the policy on April 13, 2000 for foundation movement and related damage allegedly caused by plumbing leaks. Defendants Curtis Holland, Marshall Jones, and Veronica Silva (collectively, the "individual defendants") handled Plaintiffs' claims as insurance adjusters for State Farm.

Upon the initial claim, Holland explained to Plaintiffs that the foundation damage

would only be covered under the policy if the movement were the result of plumbing leaks. State Farm hired Specialized Leak Detection ("SLD") to inspect the property and test for leaks. SLD found leaks below the foundation slab. State Farm issued Plaintiffs a draft in the amount of $4,394.01 to pay for access to repair the plumbing leaks. It then transferred the claim to the slab unit for further investigation.

In the slab unit, Jones hired FTI/SEA to perform an engineering inspection of Plaintiffs' residence. SEA concluded that the foundation damage was not related to the plumbing leaks. In a letter dated July 7, 2000, Jones informed Plaintiffs that State Farm had concluded that certain policy exclusions applied, and that, as a result, State Farm "will not be issuing payment for the damages falling within these exclusions." Jones also stated, "[i]f you have additional information you would like for us to consider, please send it to me." *See* Letter from Marshall Jones to Nolan S. & Amy E. Jones dated July 7, 2000, at 3.

Plaintiffs submitted additional information to State Farm more than two years later, on October 21, 2002, in the form of an engineering report which related the foundation movement to the plumbing leaks. Silva reopened the claim and forwarded the Jones's report to SEA. SEA concluded that the report provided no new information that would change its opinions. In a letter dated January 8, 2003, Silva informed Plaintiffs that "we do not have sufficient evidence to support your claim that you are entitled to any additional policy benefits." *See* Letter from Veronica Silva to Nolan S. & Amy E. Jones dated Jan. 8, 2003. State Farm subsequently hired Fugro South to perform soil boring tests at the residence and received a supplemental report from SEA addressing the results of the soil boring tests. SEA again concluded that the plumbing leaks did not cause the foundation movement. In a letter dated May 8, 2003, Silva informed Plaintiffs of State Farm's conclusion that the additional information submitted "does not support [your contention] you are entitled to additional

policy benefits." Silva continued, "our original decision remains unchanged as outlined in our letters dated July 7, 2000 and January 8, 2003." *See* Letter from Veronica Silva to Nolan S. & Amy E. Jones dated May 8, 2003. Plaintiffs subsequently submitted another engineering report to State Farm; Silva again reopened the claim and forwarded the report to SEA. SEA reiterated their original conclusion, and Silva issued to Plaintiffs a letter dated September 2, 2004. That letter stated that "our original decision as outlined in our letter dated July 7, 2000 remains unchanged and no additional payments will be considered at this time." *See* Letter from Veronica Silva to Nolan S. & Amy E. Jones dated Sept. 2, 2004.

On January 7, 2005, Plaintiffs sued Defendants in state court in Harris County, Texas, asserting claims against State Farm for violations of the Texas Insurance Code, as well as breach of contract and breach of duty of good faith and fair dealing, and asserting claims against Holland, Jones, and Silva for violations of the Texas Insurance Code.[1] State Farm removed this case claiming diversity jurisdiction. Defendant's Notice of Removal asserts that State Farm is an unincorporated association of underwriters, all possessing citizenship and residency outside of Texas. State Farm contends joinder of the individual defendants, Texas residents, was improper[2] because all claims against the individual defendants are

---

[1] The Texas Supreme Court held in *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), that employees of insurers engaged in the business of insurance are personally liable for their violations of the Insurance Code. Plaintiffs allege that Holland, Jones, and Silva are adjusters who handled their claim, and that their handling of the claim violated several provisions of Article 21.21 of the Insurance Code regarding the acceptance or rejection of claims. Aside from their contention that Plaintiffs' claims are stale, Defendants do not otherwise argue at this time that the individual defendants are not subject to suit under the Texas Insurance Code.

[2] The Court adopts the preferred term "improper joinder" in place of "fraudulent joinder," as more consistent with the language of the removal statute, which provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359; *see Smallwood v. Illinois Central RR. Co.,* 385 F.3d 568, 571 n.1 (5th Cir. 2004) (adopting term), *cert. denied,* — S.Ct. —, 2005 WL 876004 (Apr. 18, 2005).

barred by limitations as a matter of law. All the Defendants have also filed a Motion to Dismiss, in which they argue that all of Plaintiffs' claims – against both State Farm and the individual defendants – should be dismissed on statute of limitations grounds.

## II. APPLICABLE LAW

### A. Removal Jurisdiction

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank*, 128 F.3d at 922; *Manguno*, 276 F.3d at 723.

In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiff, must resolve all contested issues of fact in favor of Plaintiff, and must resolve all ambiguities of controlling state law in favor of Plaintiff. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

### B. Improper Joinder

The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of

proving that the joinder was improper." *Smallwood v. Illinois Central RR. Co.,* 385 F.3d 568, 576 (5th Cir. 2004). The court lacks jurisdiction when the removing party does not meet this burden. *Id.* There are two ways of establishing improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis,* 326 F.3d at 646-47). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[3] *Id.*

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* In determining whether a plaintiff has a "reasonable basis" for recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* In some limited circumstances, a district court may, in its discretion, pierce the pleadings and conduct a summary inquiry to determine whether a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[4] *Id.* at 573-74. The Fifth Circuit recently held in *Smallwood* that

---

[3] The Fifth Circuit has adopted this phrasing of the required proof for improper joinder and rejected all others. *Smallwood,* 385 F.3d at 573.

[4] In such an inquiry, the Court must take into account all unchallenged factual allegations in the light most favorable to plaintiff, and must resolve any ambiguity in state law in plaintiff's favor. *Travis,* 326 F.3d at 649.

"[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made" to establish improper joinder. *Id*. at 575.

### III.  ANALYSIS

State Farm argues that the issue of this Court's diversity jurisdiction hinges on whether there is any reasonable basis for predicting that Plaintiffs can establish Holland, Jones, or Silva's liability under the Texas Insurance Code. State Farm argues that Plaintiffs have improperly joined the individual defendants, in that Plaintiffs' claims against these defendants are time-barred. State Farm asserts that therefore there can be no reasonable basis for predicting that Plaintiffs may establish liability as to the individual defendants. The Court need not reach this issue.

All claims against all Defendants in this case – including State Farm – are subject to two-year statutes of limitations.[5]  "[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the

---

5  Plaintiffs' claims against State Farm and the individual defendants under Article 21.21 of the Texas Insurance Code

> must be commenced within two years after the date on which the unfair method of competition or unfair or deceptive act or practice occurred or within two years after the person bringing the action discovered or, in the exercise of reasonable diligence, should have discovered the occurrence of the unfair method of competition or unfair or deceptive act or practice.

TEX. INS. CODE art. 21.21 § 16(d). In addition, the policy at issue provides that contractual "[a]ction[s] brought against us must be started within two years and one day after the cause of action accrues."  *See* Exhibit D to Defendants' Motion to Dismiss, at 7 (Plaintiffs' HO-B Policy).  *See generally* Defendants' Motion to Dismiss.

The parties do not argue that recent amendments to the Texas Insurance Code, effective April 1, 2005, alter the limitations period that applies to Plaintiffs. *See* TEX. INS. CODE § 541.162 (West 2005).

plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such – an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell,* 'the plaintiff's case [is] ill founded as to all the defendants.'" *Smallwood,* 385 F.3d at 574 (quoting *Chesapeake,* 232 U.S. 146, 153 (1914)). Here, all of State Farm's defenses regarding statutes of limitations apply equally for itself and for the individual defendants. *Smallwood* is directly on point. This Court must remand the case regardless of the merits of State Farm's limitations defense.

The Court thus concludes that State Farm has not met its burden to demonstrate improper joinder of Holland, Jones, and Silva. Accordingly, complete diversity of citizenship is lacking and the Court lacks subject matter jurisdiction over the claims in this case.[6]

## IV. ATTORNEY'S FEES

In determining whether an award of costs and attorney's fees is appropriate, the court should focus on the legal propriety of removal, not motive. *Valdes v. Wal Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 1997). Defendants removed this case on February 24, 2005, over five months after *Smallwood* was issued by the Fifth Circuit on September 10, 2004. Nevertheless, it appears neither party was aware of the *Smallwood* case. Because *Smallwood*

---

[6] Plaintiffs also assert that State Farm's Notice of Removal is procedurally defective because State Farm (1) failed to present evidence that the amount in controversy exceeds $75,000; (2) failed to specifically identify the residency of the members of the unincorporated association known as State Farm Lloyds; and (3) failed to join all Defendants in the Notice. *See* Plaintiffs' Motion to Remand, at 2-5. The Court does not reach these issues because it concludes on other grounds that State Farm has not established that the individual defendants were improperly joined to defeat diversity.

was issued relatively recently, and because Defendants' remand may well have been meritorious prior to *Smallwood* given the state of the law at that time, the Court will not assess attorney's fees.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendant has failed to show improper joinder, and has thus failed to demonstrate the existence of diversity jurisdiction. It is therefore

**ORDERED** that this case is **REMANDED** to the 164th Judicial District for Harris County, Texas.

SIGNED at Houston, Texas, this **16th** day of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge